IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                      ORDER

          Plaintiff,

                                    06-cv-12-bbc

    v.

JOHN D. BRUSH, CORRECTIONS CORPORATION
OF AMERICA and ASSOCIATE WARDEN PICKERING,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 22, 2008, pursuant to the August 18, 2008 order of the United States Court of Appeals for the Seventh Circuit, I granted plaintiff Titus Henderson's request for leave to proceed <u>in forma pauperis</u> on his claims against Corrections Corporation of America, John Brush and Associate Warden Pickering.  I asked the clerk of court to forward a copy of plaintiff's complaint, the August 18, 2008 court of appeals order in this case and completed Marshal Service and summons forms to the U.S. Marshal for service on the defendants.  The marshal has returned executed summonses for defendants John Brush and Corrections Corporation of America.  However, he has returned an unexecuted summons for Associate Warden Pickering.  The process receipt and return form state as follows: "Mr.

1

Pickering no longer works for CCA. Per Warden's Secretary, 10/3/08."

Unfortunately, I cannot find that the marshal has made a reasonable effort to locate Associate Warden Pickering.  The marshal may attempt to locate defendant Pickering by contacting his former employer (in this case, the Corrections Corporation of America) to obtain a forwarding address, if it has one, or conducting an internet search of public records for the defendant's current address or both.  Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990) (once defendant is identified, marshal is to make reasonable effort to obtain current address). Reasonable efforts do not require the marshal to be a private investigator for civil litigants or to use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records.

Also, for plaintiff's information, in Sellers, the court of appeals recognized the security concerns that arise when prisoners have access to the personal addresses of former or current prison employees. Id. For this reason prison employees often take steps to insure that their personal addresses are not available in public records accessible through the internet.  If the marshal is successful in obtaining the defendant's personal address, he is to maintain that address in confidence rather than reveal it on the marshals service form, because the form is filed in the court's public file and mailed to the plaintiff after service is effected.

ORDER

IT IS ORDERED that the U.S. Marshal is to make reasonable efforts to locate defendant Associate Warden Pickering and, if his efforts are successful, to serve him with a copy of the summons and complaint in this case. If the Marshal is unsuccessful in locating Associate Warden Pickering despite making reasonable efforts to locate him, he may file an unexecuted return on which he describes the efforts he made.

Entered this 22nd day of October, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge