IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                 ORDER

      Plaintiff,

                 06-cv-12-bbc

  v.

JOHN D. BRUSH, CORRECTIONS CORPORATION
OF AMERICA and ASSOCIATE WARDEN PICKERING,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    In this case, plaintiff alleges that defendants Corrections Corporation of America, John Brush and Associate Warden Pickering violated his due process rights by placing him in disciplinary segregation without first affording him due process of the law. Now before the court are two motions brought by defendants. One is defendant Brush's motion to dismiss for improper service; the other is defendant Corrections Corporation of America's motion to dismiss for lack of personal jurisdiction or improper venue, or to transfer venue.

    First, as to defendant Brush's motion to dismiss for improper service, that motion will be denied. I agree that defendant Brush has not been served properly: the U.S. Marshals Service served defendant Brush's summons upon a paralegal at the Corrections Corporations

1

of America's headquarters. Defendant Brush no longer works for the Corrections Corporation of America, so there is not even an argument that the personal service requirements of Fed. R. Civ. P. 4(e)(2) have been met. Fed. R. Civ. P. 4(e)(2) requires service to be either (a) to a defendant in person; (b) at a person's dwelling or usual place of abode; or (c) to an authorized agent. Nonetheless, it would not be proper to dismiss plaintiff's claims against defendant Brush. Because the United States Marshal has been ordered to serve defendants, plaintiff has no control over improper service and should not be prejudiced for mistakes made by others. Rather than dismiss plaintiff's claims against defendant Brush, I will order the marshal to attempt personal service upon defendant Brush, in a manner that conforms to Rule 4(e)(2). The marshal may have until January 8, 2009 in which to make reasonable efforts to locate defendant Brush and serve him personally with a copy of the summons and complaint in this case.[1]

As for defendant Corrections Corporation of America's motion to dismiss or transfer, that motion will be stayed. Defendant Corrections Corporation of America argues that it should be dismissed for lack of personal jurisdiction, or in the alternative, the case should be dismissed for improper venue or transferred to the United States District Court for the

---

[1] In her affidavit in support of defendant Corrections Corporations of America's motion to dismiss, litigation paralegal Kelly Atwood provides the last known address the Corrections Corporation of America has for defendant Brush. A copy of that affidavit will be sent to the marshal with a copy of this order.

Western District of Oklahoma. I am not persuaded that defendant Corrections Corporation of America can avoid specific jurisdiction in Wisconsin in light of the fact that plaintiff was sent to Oklahoma pursuant to a contract between the Wisconsin Department of Corrections and the Corrections Corporation of America. However, defendant Corrections Corporation of America also has filed a motion to dismiss or transfer for improper venue, which, if granted, would moot the motion to dismiss for lack of personal jurisdiction. Under 28 U.S.C. § 1406, a district court "shall dismiss, or if it be in the interest of justice, transfer" cases that have been brought where venue is improper. The requirements for proper venue in cases such as this one brought under federal law are set forth in 28 U.S.C. § 1391, which states that such a civil action generally may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff's complaint makes it clear that neither (2) nor (3) could apply to this district. As for (2), none of the events or omissions that plaintiff complains about occurred in this district. Rather, they center on his placement in disciplinary segregation, which occurred in a prison facility located in the Western District of Oklahoma. For the same reason, (3) does

3

not apply: the Western District of Oklahoma is a judicial district "in which the action may otherwise be brought" because a substantial part of the relevant events or omissions occurred in that district. However, it is not possible to determine whether (1) applies at this time. Defendant Corrections Corporation of America is a corporation and therefore deemed to reside in this district to the extent it is subject to personal jurisdiction in this district. 28 U.S.C. § 1391(c) ("a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."). The next part of (1) is whether "all defendants" reside in Wisconsin. At this stage, it is too early to decide that question because defendants Brush and Pickering have not been served and have therefore not had an opportunity to assert the defense of improper venue or confirm whether either "resides" in the state of Wisconsin. Therefore, it would be premature to decide the question of transfer. At this stage, it remains possible that venue is proper in this district: the remaining two defendants may not be found and service may not be effected upon them, in which case they would have to be dismissed, or both defendants could "reside" in this state. Rather than deny defendant Corrections Corporation of America's motion to dismiss, I will stayed it to allow an opportunity for defendants Brush and Pickering to be served and to provide information regarding their respective states of residency. In the event that defendants Brush and Pickering are served and seek to make a showing that venue is not proper, they should focus on whether they have a residence in the

4

state of Wisconsin, not simply whether they have some place of residence elsewhere, because a person may have multiple residences.

ORDER

IT IS ORDERED that

1. Defendant John D. Brush's motion to dismiss for improper service is DENIED. Instead, the United States Marshal may have until January 8, 2009 in which to make reasonable efforts to locate defendant Brush and personally serve him with a copy of the summons and complaint in this case. If the marshal is unsuccessful in locating defendant John D. Brush despite making reasonable efforts to locate him, he may file an unexecuted return on which he describes the efforts he made.

2. Defendant Corrections Corporation of America's motion to dismiss for lack of personal jurisdiction or transfer for improper venue is STAYED pending disposition of the question whether defendants Brush and Pickering will be served with plaintiff's complaint and, if so, whether they will raise venue as an affirmative defense and make the necessary

showing that neither has a residence in Wisconsin.

Entered this 8th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge