IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                                                            OPINION and ORDER

                Plaintiff,

                                                                             06-cv-12-bbc

     v.

JOHN D. BRUSH and CORRECTIONS
CORPORATION OF AMERICA

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered December 8, 2008, I stayed a decision on defendant Corrections Corporation of America's motion to dismiss for lack of personal jurisdiction or transfer for improper venue to allow plaintiff an opportunity to serve the other defendants and allow those defendants an opportunity to be heard on the questions of transfer and venue. Since then, plaintiff's complaint was dismissed as to one of the defendants, Warden Pickering, who could not be located for service. However, defendant John D. Brush was served and subsequently filed his own motions to dismiss for lack of personal jurisdiction or to transfer venue, as well as a motion to dismiss on the ground that plaintiff's claim is barred by the statute of limitations and lacks legal merit. Finally, plaintiff has filed a motion to amend his

1

complaint to add new claims against Wisconsin defendant Rick Raemisch and substitute or add defendants to address some of defendant Brush's merits-based arguments.

First, plaintiff's motion for leave to file an amended complaint will be denied. Although leave to amend a complaint is generally granted freely, it may be denied when the claims raised in the amended complaint would have to be dismissed immediately. <u>Sound of Music v. Minnesota Mining and Manufacturing Co.</u>, 477 F.3d 910, 922-23 (7th Cir. 2007) (leave may be denied when it would be "futile"). Plaintiff seeks to add a John Doe defendant in response to defendant's argument that defendant Brush was not even working at the prison when plaintiff suffered his injury and seeks to add Rick Raemisch, Secretary of the Wisconsin Department of Corrections, to "establish liability of defendants." However, as I explain below, plaintiffs' underlying claims are time-barred by the Oklahoma statute of limitations, which means it would be futile to add any defendants such as the ones plaintiff proposes.

Although plaintiffs' claims appear to be time-barred by the statute of limitations, I cannot reach the merits in this case because defendants have asserted jurisdictional and venue defenses that must be decided first. <u>Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.</u>, 127 S. Ct. 1184, 1191-92 (2007) (only issues unrelated to merits of case may be decided before jurisdictional issues). In the December 8, 2008 order, I concluded that the court may have to dismiss or transfer the case for improper venue

2

pursuant to 28 U.S.C. § 1406 if the defendants who had not yet been served did not reside in Wisconsin.  Dkt. #121, at 4.  As I explained, for cases such as this one brought under federal law, 28 U.S.C. § 1391 sets the requirements for proper venue, allowing such actions to be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Id. at 3.  Plaintiff's complaint makes it clear that "a substantial part of the events or omissions" occurred in a prison facility located in the Western District of Oklahoma. Therefore, neither (2) nor (3) would apply to this district.

Part (1) does not apply to this district either.  Although defendant Corrections Corporation of America is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, 28 U.S.C. § 1391(c), which likely includes this district, defendant Brush has submitted unrebutted testimony that he resides in Florida and has no residence in Wisconsin.  Because not "all defendants" reside in this state, this district is not a proper venue for this case.

Plaintiff makes two arguments in support of his position that venue is proper here,

3

but neither succeeds. First, he contends that the action may not be brought in the Western District of Oklahoma because Oklahoma has a law that prohibits courts from hearing cases brought by prisoners temporarily housed in private prisons in the state. However, state statutes do not dictate where federal cases may be filed. Even assuming a state could limit a federal court's jurisdiction to hear cases, the statute plaintiff points to, Okla. Stat. tit. 57, § 563.2.L, does not say what plaintiff thinks it does. The statute states that

> The State of Oklahoma shall not assume jurisdiction or custody of any federal inmate or inmate from another state housed in a facility owned or operated by a private prison contractor. Such inmates from another state shall at all times be subject to the jurisdiction of that state and federal inmates shall at all times be subject to federal jurisdiction. This state shall not be liable for loss resulting from the acts of such inmates nor shall this state be liable for any injuries to the inmates.

A careful look at the language of the statute shows that plaintiff is simply mistaken as to the meaning of "jurisdiction" in this setting. The term "jurisdiction" does not always refer to a court's power to hear a case; sometimes it refers to a state's power to take a prisoner into its custody or subject a person to trial, sentencing or incarceration. Fisher v. Holinka, 2008 WL 4330560, at *4 (W.D. Wis. March 24, 2008). The statute's reference to the state's power to "assume jurisdiction or custody" makes it clear that the "jurisdiction" referred to in this statute is nothing more than the state's power to take a prisoner into custody and subject the person to trial, sentencing or incarceration.

Plaintiff's next argument is that defendants signed contracts with the Wisconsin

4

Department of Corrections governing the terms of transferring Wisconsin's prisoners to defendant Corrections Corporations of America's private prisons in which the parties stipulated that the Circuit Court for Dane County, Wisconsin would be the forum for any lawsuit arising out of the contract. Assuming such a provision could somehow make venue proper in *this* federal district court, plaintiff does not provide a copy of the contract and it would be unreasonable to assume that the contract required the local Wisconsin court to be the forum for all prisoners' civil suits against the private prison or against individuals such as defendant Brush in their personal capacities. Plaintiff's wild speculations about the scope of the contract do not make venue proper.

Because plaintiff has not met the requirements for showing that venue is proper here under 28 U.S.C. § 1391, the next question is what to do with the case. Under 28 U.S.C. § 1406, upon finding that venue is improper, a court is required to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." At first glance, it would appear to be "in the interest of justice" to transfer plaintiff's case instead of dismissing it because dismissal could put plaintiff's claims in jeopardy of dismissal under the statute of limitations.

However, plaintiff's claims were *already* barred by the statute of limitations when plaintiff filed this lawsuit in January 2006 and at least one defendant has not waived that defense. (Although defendant Brush did not raise that defense until nearly three years after

5

this case was originally filed, he was only recently served with the complaint because plaintiff's claims against him were dismissed when the court screened the complaint and only recently reinstated when the Court of Appeals for the Seventh Circuit reversed the dismissal and remanded for further proceedings. Henderson v. Frank, 293 Fed.Appx. 410, (7th Cir. 2008).) Because plaintiff's alleged injuries occurred in Oklahoma five years before plaintiff filed suit, that state's two-year statute of limitations bars his claims. Brademas v. Indiana Housing Finance Authority, 354 F.3d 681, 685 (7th Cir. 2004) (statute of limitations is determined by "state where the alleged injury occurred").

Moreover, although at times it is appropriate to consider a plaintiff's ability to pay another filing fee when deciding whether to dismiss or transfer for improper venue, the concern that plaintiff will have to pay again to have his case decided on the merits is outweighed by the fact that his case clearly lacks merit. It would be a waste of time to transfer this case to the United States District Court for the Western District of Oklahoma where the case "could have been brought" only to have that court immediately dismiss plaintiff's claims as time-barred. Therefore, I will save that court the trouble by dismissing the case instead of transferring it under 28 U.S.C. § 1406. To the extent plaintiff decides to sue in the proper venue, he will be required to pay a second filing fee. Although that may be difficult for him, in light of the direction this case is headed it would be a needless

6

expense. Because his chances of prevailing in that court would be no worse then than they already are, I will dismiss the case rather than transfer it.

## ORDER

IT IS ORDERED that defendants' motions to dismiss for improper venue under 28 U.S.C. § 1406, dkts. ##105, 122, are GRANTED and plaintiff's surviving claims are DISMISSED. The clerk is directed to close this case.

Entered this 19th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge