IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                                         OPINION and ORDER

                    Plaintiff,

                                                           06-cv-12-bbc

     v.

JOHN D. BRUSH and CORRECTIONS
CORPORATION OF AMERICA

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered February 19, 2009, I granted defendants' motion to dismiss plaintiff's remaining claims for improper venue. Now plaintiff has filed a "Motion for definite order," asking that the court alter or amend the judgment under Fed. Rs. Civ. P. 59 and 60 and to "set forth a clear determination of how it interpreted" a particular statute that he says saves him from the Oklahoma statute of limitations. In addition, plaintiff has filed a notice of appeal, which I construe to include a request for leave to proceed on appeal in forma pauperis. Defendants insisted on filing a response to plaintiff's motion and have also moved to supplement the appeal record.

      Plaintiff contends that it was error to (1) grant defendants' motions to dismiss after

the court of appeals had remanded the case to allow plaintiff to proceed on his claims against defendants; (2) apply summary judgment standards to the motions to dismiss without giving notice; (3) apply the Oklahoma statute of limitations; (4) refuse to apply Wis. Stat. § 801.05, a statute addressing issues of jurisdiction, before deciding the issue of venue; and (5) refuse to apply a choice of forum clause in a contract between defendants and the Wisconsin Department of Corrections. I have considered each of plaintiffs' arguments but I am not persuaded that dismissing plaintiffs' claims against defendants for improper venue was error, as is required to alter or amend a judgment Fed. R. Civ. P. 59. Moreover, I see no reason why plaintiff is entitled to relief under any of the provisions set forth in Fed. R. Civ. P. 60. Therefore, plaintiff's motion to alter or amend the judgment or provide other relief from his judgment under Rules 59 and 60 will be denied.

In addition, plaintiff asks for a clarification as to the court's interpretation of Okla. Stat. tit. 57, § 563.2.L. In the February 19 order, I concluded that Okla. Stat. tit. 57, § 563.2.L did not prevent Oklahoma courts from deciding civil lawsuits brought by prisoners such as plaintiffs and certainly did not prevent such cases from being heard in federal courts in Oklahoma. Dkt. #135, at 4. I explained that although the statute states that "[t]he State of Oklahoma shall not assume jurisdiction" over prisoners such as plaintiff, the term "jurisdiction" does not refer to a court's jurisdiction to hear civil suits brought by such prisoners, but instead refers to the "state's power to take a prisoner into custody and subject

the person to trial, sentencing or incarceration." Id. Plaintiff now wants to know what that last phrase means, perhaps confused by my reference to the state's power to subject a person to "trial." Id. To clarify, the statute's reference to "jurisdiction" refers to the state's power to subject a prisoner to *criminal* proceedings, not its power to hear civil proceedings brought by a prisoner.

Next, defendants have moved to supplement the record, seeking to add a contract to the record that plaintiff did not have but sought to use to support his argument that a forum selection clause applied. Defendants rely on Fed. R. App. P. 10(e), which allows the district court to supplement the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Defendants' motion will be denied because the actual content of the contract was immaterial to the court's decision not to take plaintiff's word that the contract included the forum selection clause he proposed. To the extent defendants are concerned about plaintiff's argument that he would have had more than "wild speculation" had defendants properly responded to plaintiff's discovery requests, they should not be. Plaintiff did not move to compel discovery, he simply mentioned the discovery dispute in his opposition brief. A seasoned litigator such as plaintiff should know better. To the extent he thought he needed to resolve a discovery dispute before opposing defendants' motions to dismiss, he was required to file a motion to compel and a motion for an extension of time. He did neither. There was no reason to address the actual terms of

3

the contract to decide the motions to dismiss and there is no reason to supplement the record.

I note that plaintiff's argument that he should now be entitled to discovery on this matter is alarmingly close to an admission that he violated Rule 11 when he made the original argument that the contract included the broad forum selection clause he says it did. Plaintiff is now admitting that he did not have the contract, but nonetheless argued that it would have a broad and expansive forum selection clause requiring all prisoners' civil suits to be filed in Dane County. Plaintiff's factual representations are required to "have evidentiary support, or, if specifically so identified, [to be] likely [to] have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). As it turned out, plaintiffs' likely Rule 11 violation amounted to nothing, so I will not require plaintiff to show cause why he should not be sanctioned for his conduct. In the future, plaintiff should be more careful about making groundless factual representations. He may not be so lucky next time.

Having decided the parties' motions, I turn to consider plaintiff's notice of appeal, Fed. R. App. P. 4(a)(4)(B)(i) (notice of appeal effective upon disposal of last post-judgment motion), which I construe as a request for leave to proceed in forma pauperis on appeal. Unfortunately for plaintiff, he has incurred more than three strikes under 28 U.S.C. § 1915(g). In all the following cases, plaintiff had one or more claim dismissed on the ground

that it was frivolous or failed to state a claim upon which relief may be granted: Henderson v. Belfuel, 03-cv-729-bbc (decided Mar. 16, 2004); Henderson v. Kool, 05-cv-157-bbc (decided Apr. 25, 2005); Henderson v. Brush, 06-cv-12-bbc (decided Mar. 6, 2006); and Henderson v. Morris, 06-cv-407-bbc (decided Nov. 14, 2006).  Therefore, he is not eligible to seek pauper status on appeal unless he can show that he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Because plaintiff's claims involve incidents that occurred in the past, I cannot conclude that he is in imminent danger of serious physical injury.  He will not be able to take advantage of the initial partial payment provision of § 1915.  He owes the $455 fee for filing an appeal in full immediately.

Plaintiff may challenge my decision to deny his request for leave to proceed in forma pauperis on appeal because of his § 1915(g) status in the court of appeals within thirty days of the date he receives this order.  Fed. R. App. P. 24(a)(5).  If the court of appeals decides that it was improper to deny plaintiff's request for leave to proceed in forma pauperis because of his three-strike status, then the matter will be remanded to this court for a determination whether plaintiff's appeal is taken in good faith.  If the court of appeals determines that this court was correct in concluding that § 1915(g) bars plaintiff from taking his appeal in forma pauperis, the $455 filing fee payment will be due in full immediately. Whatever the scenario, plaintiff is responsible for insuring that the required sum is remitted to this court at the appropriate time.  Also, whether the court of appeals allows plaintiff to

pay the fee in installments or agrees with this court that he owes it immediately, plaintiff's obligation to pay the fee for filing his appeal will be entered into this court's financial records so that it may be collected as required by the Prison Litigation Reform Act.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for the court to clarify its reasoning supporting the order it entered February 19, 2009 is GRANTED; that reasoning has been clarified in the discussion above.

2. Plaintiff's motion to alter or amend the judgment under Fed. Rs. Civ. P. 59 and 60, dkt. #138, is DENIED.

3. Defendants' motion to supplement the record, dkt. #141, is DENIED.

4. Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #137, is DENIED because three strikes have been recorded against him under 28 U.S.C. § 1915(g) and the issues he intends to raise on appeal do not qualify for the imminent danger exception to § 1915(g). The clerk of court is directed to insure that plaintiff's obligation to

pay the $455 filing fee is reflected in this court's financial records.

Entered this 12th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7